Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
George C. Summerfield (to be admitted *pro hac vice*)
george.summerfield@klgates.com
Zachary T. Timm Bar (SBN 316564)
Zach.timm@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard, 8th Floor
Los Angeles, CA 90067
Telephone: 310.552.5000
Facsimile:  310.552.5001

*Attorneys for Plaintiff Wuyi Zhongyu Jinshu Zhiping Co. Ltd. And Yongkang Shiding Chuangong Maoyou Xian Gongsi*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WUYI ZHONGYU JINSHU ZHIPING CO. LTD.; and YONGKANG SHIDING CHUANGONG MAOYOU XIAN GONGSI**, <br><br> Plaintiffs, <br><br> v. <br><br> **HYPER ICE, INC.; and HYPERICE IP SUBCO, LLC**, <br><br> **Defendants**. | Case No.: 8:25-cv-00429 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** |

1
**COMPLAINT**

Plaintiffs, Wuyi Zhongyu Jinshu Zhiping Co., Ltd. ("Wuyi") and Yongkang Shiding Chuangong Maoyou Xian Gongsi ("Yongkang") (collectively "the Plaintiffs"), through their attorneys, and by way of seeking declaratory relief, hereby allege as follows:

## Nature of this Action

1. This is an action for declaratory judgment that Plaintiffs: (1) have not breached certain Confidential Patent License Agreement (defined herein), which identify this Court as the proper venue; and (2) Plaintiffs' Redesigned Massage Guns do not infringe the claims of the Asserted Patents (defined herein).

## Parties

2. Wuyi and Yongkang are corporations organized under the laws of the People's Republic of China.

3. Wuyi and Yongkang sell massage guns under the trademarks Bodi-Well and Elefor, respectively.

4. Upon information and belief, Defendant Hyper Ice, Inc. is a corporation organized under the laws of the State of California, and Defendant Hyperice IP Subco, LLC is a limited liability company organized under the laws of the State of Delaware. Upon information and belief, both companies (collectively "Hyperice") have a principal place of business at 525 Technology Drive, Suite 100, Irvine, California 92618.

5. On June 26, 2024, Wuyi and Hyperice concluded a Confidential Patent License Agreement ("Wuyi License") [Ex. A].

6. On June 26, 2024, Yongkang concluded a separate Confidential Patent License Agreement ("Yongkang License") [Ex. B].

## Jurisdiction and Venue

7. The Wuyi and Yongkang Licenses (collectively "the Licenses") provide that this Court has personal jurisdiction over the parties to the Licenses in the event of allegations regarding the breach thereof.

8. The Licenses further provide that venue is proper in this Court to resolve allegations of breaches of the Licenses.

9. As explained further herein, a dispute has arisen between the parties regarding Plaintiffs' obligations under the Licenses that is definite and concrete, real and substantial, and amenable to specific declaratory relief through a decree of a conclusive character. Therefore, this Court has declaratory judgment jurisdiction over this dispute pursuant to 28 U.S.C. § 2201(a).

## Factual Background

10. Upon information and belief, Hyperice IP Subco, LLC is the owner by assignment of U.S. Patent Nos. 11,857,482 ("the '482 Patent") [Ex. C], 11,938,082 ("the '082 Patent") [Ex. D], and 12,133,826 ("the '826 Patent") [Ex. E] (collectively "the Asserted Patents"). each of which is directed to a massage device. The '082 and '826 Patents are continuations of the '482 Patent.

11. While the claims of the Asserted Patents use slightly different terminology, they all require that a "massaging head" be capable of insertion and removal while the piston of the massaging device is "reciprocating," *i.e.*, moving.

12. During prosecution of the application for the '482 Patent, the patent applicant told the United States Patent and Trademark Office that the claims of that application were patentably from prior art teaching a "screw/thread connection mechanism"

13. In allowing the claims of the application for the '482 Patent, the Examiner agreed that the cited prior art "does not disclose a quick-connect system configured to allow a massaging head to be secured or connected to the percussive massager while the piston reciprocates."

14. During the prosecution thereof, the applications for the '082 and '826 Patents each received a double patenting rejection in light of the '482 Patent, given the lack of patentable distinction therebetween. In response to such rejections, the applicant filed terminal disclaimers for the '082 and '826 Patents, identifying no patentable distinction between the claims of those patents and the claims of the '482 Patent.

15. A dispute arose among the parties hereto in the first half of 2024 regarding whether certain of Movant's massage guns infringe the claims of Hyperice's '482 and '082 Patents. [REDACTED]

16. The design of the Elefor and Bodi-Well massage heads at the time the Licenses were concluded allowed the massage heads to be press-fit into the piston bore of their respective massage guns. This press fit design is evident from the images of the "Alleged Infringing Products" included in the Licenses themselves.

17. The Licenses provide that [REDACTED] The Licenses also provide that California law governs the agreements.

18. Plaintiffs paid their royalties due for the third quarter of 2024 to Hyperice.

19. Beginning on October 1, 2024, and relying on statements made by Hyperice during prosecution, the Plaintiffs began selling Bodi-Well and Elefor massage guns having massage heads with threading to engage the piston bore ("the Redesigned Massage Guns").

20. The Redesigned Massage Guns are designed to be turned off to swap massage heads to avoid injury to a user attempting to replace a massage head while the pistons of those massage guns are in operation. Plaintiffs, in their respective product literature, advise users not to attempt to replace massage heads while the Redesigned Massage Guns are in operation.

21. On January 19, 2025, Plaintiffs informed Hyperice of the Redesigned Massage Guns, highlighting the "threaded connection" between the massage guns and the massage gun heads.

22. In response, Hyperice asked for a declaration stating that only the Redesigned Massage Guns had been sold since October 1, 2024, which Plaintiffs provided on February 13, 2025.

23. After receiving the declaration, Hyperice responded that the Redesigned Massage Guns were nonetheless covered by the claims of the Asserted Patents and/or were still subject to royalty obligations under the Licenses "[r]egardless of any redesign."

24. As part of its response, Hyperice threatened that, if Plaintiffs did not satisfy their royalty obligations for the Redesigned Massage Guns, including the conclusion of any necessary licensing addenda therefor, Hyperice would, on March 7, 2025, approach Amazon to seek the removal of the listings for the Redesigned Massage Guns from the Amazon ecommerce platform, and would initiate suit for breach of contract and/or patent infringement.

25. The Redesigned Massage Guns are central to Plaintiffs' business as they are the centerpiece of Plaintiffs' online product offerings in the United States. The United States market, in turn, is the most significant market for Plaintiffs, as most of their massage gun products are sold there. Online sales through Amazon are the exclusive means by which Plaintiffs sell products into the United States. Barring the declaratory relief ought herein, Plaintiffs will suffer immediate and irreparable injury resulting from the actions threated by Hyperice.

**Count I – Declaration That Plaintiffs Have Not Breached The Licenses**

26. Plaintiffs hereby incorporate paragraphs 1-25, herein.

27. The Licenses are valid and enforceable contracts between the parties.

28. The Licenses oblige Plaintiffs to pay a royalty on the "Alleged Infringing Products," *i.e.*, products that are covered by the Asserted Patents.

29. The Redesigned Massage Guns are not covered by the Asserted Patents and are therefore not subject to the royalty obligations of the Licenses.

30. Hyoerice has asserted that the Redesigned Massage Guns are covered by the Asserted Patents, and are therefore subject to the royalty obligations contained in the License, and/or require an addendum to the Licenses to subject such products to the royalty obligations thereof.

31. Plaintiffs are entitled to a declaration that they are not in breach of the Licenses because the Redesigned Massage Guns are not subject to the royalty obligations of the Licenses.

## COUNT II – Declaration of Non-Infringement

32. Plaintiffs hereby incorporate paragraphs 1-31, herein.

33. Upon information and belief, Hyperice IP Subco, LLC is the owner by assignment of the Asserted Patents.

34. The claims of the Asserted Patents do not cover a massage head configured with threading for attaching to the piston of a massage gun.

35. The Redesigned Massage Guns have a massage head configured with threading for attachment to such guns.

36. Hyperice has asserted that, notwithstanding the threading redesign, the Redesigned Massage Guns are covered by the claims of the Asserted Patent.

37. Because of this threading configuration, Plaintiffs are entitled to a declaration that the Redesigned Massage Guns do not infringe the claims of the Asserted Patents.

WHEREFORE, Plaintiffs request that this Court:

a) Issue a declaration that they are not in breach of the Licenses;

b) Issue a declaration that the Redesigned Massage Guns do not infringe the claims of the Asserted Patents;

c) Award Plaintiffs their reasonable attorneys fees and costs pursuant to the Licenses;

d) Award Plaintiffs such further relief as the Court deems appropriate.

Dated:   March 5, 2025                **K&L GATES LLP**

By: */s/ Zachary T. Timm*
Christina N. Goodrich
George C. Summerfield (to be admitted *pro hac vice*)
Zachary T. Timm

*Attorneys for Plaintiff Wuyi Zhongyu Jinshu Zhiping Co. Ltd.; and Yongkang Shiding Chuangong Maoyou Xian Gongsi*